**Yervand Armenaki ZOHRABYAN; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70739.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 21, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sassoun A. Nalbandian, Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Gregory B. Friel, Civil Rights Division/Appellate Section, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Lead petitioner Yervand Armenaki Zohrabyan and his family, natives of Iran and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's order denying their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000), and we grant the petition for review and remand.

Substantial evidence does not support the agency's adverse credibility determination based on omissions from Zohrabyan's asylum application and perceived inconsistencies in his testimony. Omissions from an asylum application generally do "not comprise specific, cogent reasons for [an] adverse credibility finding." *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003); *see also Aguilera–Cota v. INS,*

---

** This disposition is not appropriate for publication and is not precedent except as provid-

914 F.2d 1375, 1382 (9th Cir.1990) ("A failure to state each and every ground for a claim of political asylum at the time of the initial application should not prejudice that claim ..."). Further, several of the omissions and inconsistencies are of minor import or do not go to the heart of Zohrabyan's claim. *See Bandari,* 227 F.3d at 1166–67 (omissions of details and inconsistencies in dates are insufficient to uphold an adverse credibility finding.). Finally, Zohrabyan was not given the opportunity to explain the remaining omissions and inconsistencies. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (reversing adverse credibility finding, in part because petitioner was denied a reasonable opportunity to explain a perceived inconsistency).

We remand so the agency may determine whether, taking his testimony as true, Zohrabyan is eligible for relief. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**